

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**FILED**
JUL - 9 2009
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| CHERALEE A. CARR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGIONAL ADJUSTMENT )<br>BUREAU, INC., JANE DOE, and )<br>JILL DOE, )<br>)<br>)<br>Defendants. ) | Civil Action No.: 3:09-CV-308<br>Varlan\Shirley<br>Jury Trial Demanded |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants and their agents violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. PARTIES

4. Plaintiff Cheralee A. Carr (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Regional Adjustment Bureau, Inc. (hereinafter "Defendant RAB") is a for-profit corporation organized in Tennessee, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a registered domestic business entity doing business in Tennessee that maintains James R. Smith, Jr., 7000 Goodlett Farms Parkway, Memphis, TN 38106, as its registered agent for service of process.

6. Defendant Jane Doe (hereinafter "Defendant Jane Doe") is a natural person who is employed by Defendant RAB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but who cannot presently be served until her true identity is determined.

7. Defendant Jill Doe (hereinafter "Defendant Jill Doe") is a natural person who is employed by Defendant RAB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but who cannot presently be served until her true identity is determined.

## IV. FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, and that the alleged debt went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, students loans for Plaintiff's personal use that are owned or serviced by College Assist in the combined approximate alleged amount of $6,800.00.

9. Sometime prior to July 2008, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant RAB for collection from Plaintiff.

10. "The term 'location information' means a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

11. "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

    (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; . . .

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information; . . ." 15 U.S.C. § 1692b(1) and (3).

12. "Except as provided in section 1692b of this title, with the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

### *Collection Calls to the home of Plaintiff's Grandmother*

13. On or about July 3, 2008, Defendants mailed a collection letter to Plaintiff at her home address in Knoxville, Tennessee, which collection letter stated, among other things, that:

    "Our client has placed your delinquent account with this office for collection. It is important that you remit $6,636.97 to avoid further collection efforts."

    A redacted copy of this collection letter is filed as Exhibit 1 to this Complaint.

14. On or about July 11, 2008, Defendants made at least three telephone calls to the home telephone of Plaintiff's eighty-three (83) year-old grandmother, Virginia Lyon, who lives in the state of Washington, in illegal efforts by Defendants to collect the debt.

15. All of these telephone calls were made from telephone number 800-829-7204.

16. Telephone number 800-829-7204 is owned by Defendant RAB.

17. Each call Defendants made to Mrs. Lyon was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. The first telephone call to Mrs. Lyon on this date was made by Defendants at approximately 8:04 a.m. local time.

19. Mrs. Lyon did not recognize the telephone number and did not answer the call and the call was terminated.

20. The second telephone call was made at approximately 8:28 a.m. local time on this date, approximately twenty-four (24) minutes after the first call.

21. Mrs. Lyon again did not answer the call because she did not recognize the telephone number, and the call was terminated.

22. The third telephone call in less than 45 minutes was made by Defendants to Mrs. Lyon at approximately 8:48 a.m. local time on the same day, approximately twenty (20) minutes after the second call.

23. In an attempt to get the Defendants to stop calling her home telephone, Mrs. Lyon answered this call, which was from an unidentified female, hereinafter referred to as Defendant Jane Doe.

24. When Mrs. Lyon answered the telephone, Defendant Jane Doe failed to identify herself and rudely started asking for information about Plaintiff.

25. In response to Defendant Jane Doe's questions about Plaintiff, Mrs. Lyon asked Defendant Jane Doe who was calling and Defendant Jane Doe refused to identify herself and continued trying to obtain information about Plaintiff.

26. Defendant Jane Doe's telephone call to Mrs. Lyon was very upsetting to her as Defendant Jane Doe made it sound like there was an emergency by demanding to be provided information about Plaintiff immediately, loudly stating "We need to reach Cheralee right now" and "Give me the information now".

27. The Plaintiff had not given prior consent directly to the Defendants, including Defendant Jane Doe, for them to communicate with any third party in connection with the collection of this debt.

28. These harassing and oppressive communications by Defendants, including Defendant Jane Doe, by illegally contacting a third party in an effort to collect this debt and implying that there was an emergency and she needed to speak to Plaintiff immediately, were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to

15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

### *Collection Calls to the home of Plaintiff's ex-husband*

29. On or about July 12, 2008, Defendants made at least one telephone call to the home telephone of Plaintiff's ex-husband, Wayne Horner, who lives in the state of North Carolina and who has a last name that is different from Plaintiff, in illegal efforts by Defendants to collect the debt.

30. The telephone calls were made from telephone number 800-829-7204.

31. Telephone number 800-829-7204 is owned by Defendant RAB.

32. Each call made by Defendants made to the home of Mr. Horner was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. The telephone call to the home of Mr. Horner on this date was made by Defendants at approximately 9:54 a.m. local time, and was answered by Mr. Horner's current wife, Michelle Horner.

34. When Mrs. Horner answered the telephone, she found herself talking to an unidentified female, hereinafter referred to as Defendant Jill Doe.

35. Defendant Jill Doe failed to identify herself to Mrs. Horner and immediately began asking for "Cheralee Carr".

36. Mrs. Horner replied that she did not know a "Cheralee Carr" and asked Defendant Jill Doe who was calling.

37. Defendant Jill Doe refused to identify herself and continued asking for "Cheralee Carr".

38. When Mrs. Horner again told Defendant Jill Doe that she did not know a "Cheralee Carr", Defendant Jane Doe told her that she did not understand why Mrs. Horner did not know her because "Cheralee Carr put down Wayne Horner as a business reference."

39. The Plaintiff had not given prior consent directly to the Defendants, including Defendant Jill Doe, for them to communicate with any third party in connection with the collection of this debt.

40. These deceptive, harassing and oppressive communications by Defendants, including Defendant Jill Doe, by illegally contacting a third party in an effort to collect this debt, and stating, among other things, that Plaintiff had listed Mr. Horner as a business reference, were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

## *Respondeat Superior Liability*

41. The acts and omissions of Defendants Jane Doe, Jill Doe, and the other debt collectors employed as agents by Defendant RAB and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RAB.

42. The acts and omissions by Defendants Jane Doe, Jill Doe, and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant RAB in collecting consumer debts.

43. By committing these acts and omissions against Plaintiff, Defendants Jane Doe, Jill Doe, and the other debt collectors were motivated to benefit their principal, Defendant RAB.

44. Defendant RAB is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, and Tennessee tort law, in their attempts to collect this alleged debt from Plaintiff.

### *Summary*

45. The above-detailed conduct by these Defendants in an effort to collect the alleged debt was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by intrusion upon seclusion and resulted in actual damages to the Plaintiff.

46. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### V. TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### VI. CAUSES OF ACTION

#### COUNT I.

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

#### 15 U.S.C. §§ 1692 *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

49. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

50. As a result of each and every Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial by a jury, but not less than $25,000.00; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

### INVASION OF PRIVACY BY AN INTRUSION UPON SECLUSION

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

53. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

54. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

55. Defendants and/or their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

56. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

57. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

58. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial by a jury, but not less than $25,000.00; from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant in an amount to be determined at trial by a jury, but not less than $25,000.00, and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY AN INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of privacy in an amount to be determined at trial by a jury, but not less than $25,000.00; and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/08/09                                Respectfully submitted,

**CHERALEE A. CARR**

_____
Alan C. Lee, Esq.
Of Counsel – The Pope Firm
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300
alan@thepopefirm.com